# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| MARCELLE GORDON MYERS, | * | |
| | * | 2:14-CV-00067-LGW |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| P.C. STEPHEN V. KINNEY, DAVID | * | |
| ALRIDGE, CHARLES C. SMITH, JR., | * | |
| AMERIS BANK, JOY LYNN TURNER, | * | |
| Clerk Of Superior Court Of Camden County; | * | |
| MICHELLE MCCORVEY, SCARLETT G. | * | |
| STETHAN, JAMES EMORY STEIN, and | * | |
| GILBERT HARRELL, Harrell, Summerford | * | |
| & Martin Attys.; | * | |
| | * | |
| Defendants. | * | |
| | * | |

### ORDER

Plaintiff, proceeding pro se, filed this action against several Defendants: Stephen V. Kinney, P.C. ("Kinney"); David Aldridge ("Aldridge")[1]; Charles C. Smith, Jr. ("Smith"); Gilbert, Harrell, Sumerford & Martin, P.C. ("GHSM")[2]; Ameris Bank; Joy

---

[1] This Defendant was docketed as "David Alridge," but his filings reflect the name "David Aldridge." See, e.g., Dkt. No. 11. The Clerk of Court is **directed** to change the name of said Defendant to "David Aldridge" upon the docket and record of this case.

[2] This Defendant was docketed as "Gilbert, Harrell, Summerford & Martin, P.C.," but its correct name is "Gilbert, Harrell, Sumerford & Martin, P.C." The Clerk of Court is **directed** to change the name of

Lynn Turner, Clerk of Superior Court of Camden County ("Turner"); Michelle McCorvey ("McCorvey"); Scarlett G. Stethan ("Stethan"); and James Emory Stein ("Stein"). Though this case has been pending for over a year, Plaintiff has failed to serve some Defendants and has not responded to other Defendants' Motions to Dismiss. The Court has repeatedly warned Plaintiff that his failure to pursue his claims against these Defendants will result in dismissal of those claims. Plaintiff has failed to heed those warnings.

Consequently, and for reasons set forth more fully below, Plaintiff's claims against **Defendants Kinney, Stethan, and Stein** are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely serve the Complaint. Additionally, the Court **DISMISSES WITHOUT PREJUDICE** all claims against **Defendants Aldridge, Ameris Bank, GHSM, McCorvey, and Smith** for Plaintiff's failure to prosecute. These Defendants' Motions to Dismiss the Complaint (Dkt. Nos. 10-11) as well as all Defendants' Motions to Dismiss the Amended Complaint (Dkt. Nos. 18, 20, 22) are **DENIED AS MOOT**. Additionally, the Court provides direction to Plaintiff regarding his only remaining claims, those asserted against Defendant Turner, which Plaintiff is urged to follow.

---

said Defendant to "Gilbert, Harrell, Sumerford & Martin, P.C." upon the docket and record of this case.

## BACKGROUND

Plaintiff filed this action on May 5, 2014. Dkt. No. 1. He originally moved to proceed in forma pauperis. Dkt. No. 3. The Court denied that Motion and allowed Plaintiff twenty-one (21) days to pay the filing fee. Dkt. No. 4. After he failed to meet that deadline, the Court dismissed his action. Dkt. No. 6. However, the Court later reopened the case after Plaintiff belatedly submitted the filing fee. Dkt. No. 7. The Court issued Plaintiff summons for all Defendants on October 27, 2014. Dkt. No. 8.

Defendants Smith and GHSM filed a consolidated Motion to Dismiss Plaintiff's Complaint on November 17, 2014. Dkt. No. 10. On that same date, Defendants Aldridge, Ameris Bank, and McCorvey also moved to dismiss Plaintiff's Complaint. Dkt. No. 11.[3] On December 11, 2014, the Court ordered Plaintiff to file any objections to these Motions to Dismiss or to otherwise inform the Court of his decision not to object to the Motions within twenty-one (21) days. Dkt. No. 15. The Court made clear that should Plaintiff fail to respond, "the Court will determine that there is no opposition to the motions." Id. at p. 2

---

[3] These Defendants also subsequently filed Motions to Dismiss Plaintiff's proposed Amended Complaint. Dkt. Nos. 18, 20. Defendant Turner also filed a Motion to Dismiss as to the Amended Complaint, after having filed an Answer to the original Complaint. Dkt. No. 22. However, the Court later denied Plaintiff leave to file his Amended Complaint. Dkt. No. 24. Consequently, the Defendants' Motions to Dismiss the Amended Complaint (Dkt. Nos. 18, 20, 22) are **DENIED AS MOOT**.

(citing Local Rule 7.5). In the months since that Order was issued, Plaintiff has not filed any response to the Motions to Dismiss.

Additionally, on January 15, 2014, the Court ordered Plaintiff to show cause why service has not been made upon Defendants Kinney, Stethan, and Stein. Dkt. No. 21. The Court explained that Federal Rule of Civil Procedure 4(m) required Plaintiff to serve these Defendants within 120 days of the filing of his Complaint. Id. The Order advised Plaintiff that his failure to establish good cause "will result in the dismissal of his claims against these Defendants, without prejudice." Id. Plaintiff has not responded to that Order and has still not served Defendants Kinney, Stethan, and Stein.

## DISCUSSION

As laid out above, despite the fact that this action has been pending for over a year, Plaintiff has failed to serve Defendants Kinney, Stethan, and Stein. Furthermore, Plaintiff has entirely disregarded the Court's Order to show cause why he failed to serve these Defendants within 120 days. Federal Rule of Civil Procedure 4(m) provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

> must extend the time for service for an appropriate
> period.

Fed. R. Civ. P. 4(m). With the Court having provided notice to Plaintiff and with Plaintiff not providing any cause for his failure to serve Defendants Kinney, Stethan, and Stein, the Court must **DISMISS** Plaintiff's claims against these Defendants.

In addition to providing for dismissal for failure to serve, the Federal Rules of Civil Procedure also authorize the Court to dismiss claims for failure to prosecute. Specifically, Rule 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is warranted "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Id.

Furthermore, this Court possesses inherent power to sanction errant and dilatory litigants. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). These inherent powers include the power to dismiss an action for failure to prosecute. See In re Mroz, 65 F.3d 1567, 1575 n.9 (11th Cir.

1995); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). "The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion." McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

Notwithstanding the availability of such a sanction, dismissal of an action for failure to prosecute should only be employed when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Id. (quoting Martin-Trigona v. Morris, 627 F.2d 680, 682 (5th Cir. 1980)). Contumacious conduct warranting dismissal for failure to prosecute includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4-5 (1st Cir. 2002). Pertinent to the case at hand, the Court may dismiss a case for failure to prosecute when a plaintiff fails to respond to motions and Court orders. See Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to motion renders party susceptible to involuntary dismissal for failure to prosecute); Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983) (affirming dismissal for failure to prosecute where

plaintiff disregarded court orders directing him to respond within a certain time).

Under the circumstances presented in this case, the Court finds that the only appropriate sanction is **DISMISSAL WITHOUT PREJUDICE** of Plaintiff's claims against Defendants Aldridge, Ameris Bank, GHSM, McCorvey, and Smith. Plaintiff has failed to oppose these Defendants' Motions to Dismiss despite their having been filed months ago. Moreover, the Court directly instructed Plaintiff to respond to these Motions and warned him that the Motions would be deemed unopposed if he failed to do so. Additionally, it does not appear that Plaintiff has taken any action to prosecute his claims against these Defendants.

**CONCLUSION**

For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Kinney, Stethan, and Stein as well as his claims against Defendants Aldridge, Ameris Bank, GHSM, McCorvey, and Smith.

Plaintiff's only remaining claims are those against Defendant Turner. As noted above, Defendant Turner filed an Answer to Plaintiff's Original Complaint and filed a Motion to Dismiss Plaintiff's Amended Complaint. Dkt. Nos. 9, 22. Turner's Motion to Dismiss was mooted by the Court's Order denying Plaintiff leave to amend his Complaint. Dkt. No. 24. However, it does not appear that Plaintiff has taken any action

to pursue his claims against Defendant Turner. Accordingly, Plaintiff is **DIRECTED** to notify the Court within **FOURTEEN (14) DAYS** of the date of this Order as to whether he intends to pursue his claims against Defendant Turner. If Plaintiff fails to timely respond, the Court will presume that he does not intend to pursue his claims against Defendant Turner, and those claims will be dismissed for failure to prosecute.

**SO ORDERED**, this ____12____ day of ____May____, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

8