# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| MARCELLE GORDON MEYERS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: CV214-67 |
| | * | |
| v. | * | |
| | * | |
| JOY LYNN TURNER, | * | |
| | * | |
| Defendant. | * | |

**ORDER**

This matter is before the Court on Plaintiff's failure to respond to this Court's May 12, 2015 Order, dkt. no. 25. As detailed below, Plaintiff has failed to respond to that Order or to otherwise pursue his claims against Defendant Joy Lynn Turner. Consequently, the Court hereby **DISMISSES** this action without prejudice for failure to prosecute and failure to follow this Court's Orders. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**BACKGROUND**

The procedural history of this case is laid out in detail in this Court's Order of May 12, 2015. Dkt. No. 25, pp. 3-4. Put succinctly, after filing this action against several Defendants, Plaintiff has repeatedly failed to take action to

AO 72A
(Rev. 8/82)

prosecute his claims. On May 12, 2015, the Court dismissed Plaintiff's claims against several Defendants, because he failed to serve those Defendants with his Complaint. Id., at p. 4-5. The Court explained that it previously notified Plaintiff that his failure to serve those Defendants would result in dismissal of his claims against them. Id. Additionally, the Court dismissed claims against several other Defendants because Plaintiff failed to oppose those Defendants' Motions to Dismiss. Id., at p. 5-7.

At the conclusion of its May 12, 2015 Order, the Court noted that Plaintiff's only remaining claims were those against Defendant Turner. Id., at p. 7-8. However, because Plaintiff had not taken any action to pursue those claims, the Court ordered Plaintiff to notify the Court, within fourteen days, whether he intended to pursue his claims against Turner. Id. The Court made clear that if Plaintiff failed to timely respond, the Court would dismiss all claims against Defendant Turner for failure to prosecute. Id. Plaintiff has not filed any response to that Order. Indeed, Plaintiff last filed a pleading in this case on December 11, 2014. See, Dkt. No. 16.

## DISCUSSION

This Court may dismiss a plaintiff's claims sua sponte pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link

v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to respond to the Court's Order would result in dismissal of his claims.

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its authority to dismiss cases with caution, dismissal is appropriate in the case at hand. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service). The Court specifically inquired of Plaintiff as to whether he intends to pursue his claims against Defendant Turner. Moreover, the Court forewarned Plaintiff that should he fail to respond to that inquiry, his claims against

Defendant Turner would be dismissed. Despite these warnings, Plaintiff has failed to comply with this Court's Orders or take any action in this case in nearly ten months. Accordingly, no lesser sanction than dismissal will suffice, and Plaintiff's claims against Defendant Turner are **DIMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Turner, the sole remaining Defendant for failure to prosecute and failure to follow the Court's Orders. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 2 day of September, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA